FILED
SUPERIOR COURT
OF GUAM

2019 FEB -5 PM 4 48

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO.: CM0431-17 |
| vs. | |
| DAVID J. SABLAN,<br>DOB: 11/06/1953 | |
| CECILE B. SUDA,<br>DOB: 09/22/1957 | DECISION AND ORDER |
| ROSIE BLAS,<br>DOB: 07/02/1962 | (Defendant Rosie Blas's Motion<br>to Sever) |
| ROLAND SELVIDGE,<br>DOB: 08/04/1949 | |
| MICHAEL J. DUENAS,<br>DOB: 04/30/1954 | |
| JOHN ILAO,<br>DOB: 02/16/1967 | CRIMINAL CASE NO.: CM0431-17-01 |
| DEANNE TORRE,<br>DOB: 04/07/1970 | CRIMINAL CASE NO.: CM0431-17-02 |
| DEFENDANTS. | |



## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on January 23, 2019 for a hearing on Defendant Rosie Blas's Motion to Sever. Chief Prosecutor Basil O'Mallan appeared on behalf of the People of Guam ("People"). Defendant David J. Sablan ("Defendant Sablan") was represented by Attorney Samuel S. Teker. Defendant Cecile B. Suda ("Defendant Suda") was represented by Attorney Curtis C. Van de veld. Defendant Deanne Torre ("Defendant Torre") was represented by Attorney Joaquin C. Arriola Jr. Defendant Rosie Blas ("Defendant Blas") was represented by Attorney Jacqueline Taitano Terlaje. Defendant Roland Selvidge ("Defendant Selvidge") was represented by Assistant Public Defender William C. Bischoff. Defendant John Ilao ("Defendant Ilao") was represented by Attorney Joseph C. Razzano. Defendant Michael J. Duenas ("Defendant Duenas") was represented by Attorney John C. Terlaje. At the conclusion of the hearing on January 23, 2019, the Court took the matter under advisement. Upon review of the oral and written arguments, and legal authorities presented by the Parties, Defendant Rosie Blas's Motion to Sever is hereby **GRANTED.**

## BACKGROUND

The People filed the Complaint in this matter in the Superior Court on July 24, 2017. The Complaint alleges forty-seven separate crimes which include direct violations of the Guam Open Government Law ("OGL") and official misconduct, and Conspiracy to violate the OGL and commit official misconduct, related to three separate events that allegedly occurred during the period between December 2011 and July 2015. The alleged events occurred when the various Defendants served as Commissioners of the Guam Housing and Urban Development Authority ("GHURA") Board of Commissioners.[1]

---

[1] Defendant-Sablan served as Commissioner from February 23, 2011 until June 28, 2016. Tydingco Decl. Support Magistrate's Compl. 1 (July 24, 2017). Defendant-Ilao served as Commissioner from August 12, 2013 until September 30, 2015. Id. Defendant-Torre was confirmed as Commissioner on March 30, 2011 and was appointed to a five-year term. Id. Defendant-Blas was confirmed on February 23, 2011 and was appointed to a five-year term. Id. Defendant-Selvidge was confirmed on September 9, 2010 and was relieved by Governor Eddie Baza Calvo in June of 2013. Id. at 2. However, Defendant-Selvidge remained on the Board until July of 2015. Id. Defendant-Suda was confirmed as commissioner on May 29, 2009, and was re-confirmed on June 4, 2012. Id. Defendant-Duenas did not serve as Commissioner to the GHURA Board. However, Defendant-Duenas was Executive Director of GHURA from sometime in 2012 up to at least the date of the filing of the Complaint in this matter in July of 2017.

The first event alleged in the Complaint is a secret meeting that was held by the then-Commissioners of GHURA sometime during the period from December 2011 to January 2012 (the "2011 Working Session"). Tydingco Decl. Supp. Magistrate's Compl. 7-13 (July 24, 2017). The People allege that Defendants Sablan (Charges 1-8), Suda (Charges 25-26), Torre (Charges 29-30), Blas (Charges 33-34), and Selvidge (Charges 39-40), in their roles as Commissioners, met in a secret public meeting that was neither noticed, nor open to the public. Id. Thus, the People allege the Defendants acted either in direct violation of, or as part of a conspiracy to violate, the OGL and official misconduct laws. Id. The Board allegedly decided how to award Low Income Housing Tax Credits ("LIHTCs") at the 2011 Working Session. Id. The Complaint specifically alleges that (1) no notice of the 2011 Working Session was given to the public, (2) that the meeting was not open to the public, (3) that no minutes were taken and made public, and (4) thus no minutes were transmitted to the Governor, the Legislature, and other entities; all of which constitute violations of the OGL. Id.

The second event alleged in the Complaint concerns GHURA Board of Commissioners Resolution FY2015-014(A), which adopted a credit card usage policy. Tydingco Decl. Supp. Magistrate's Compl. 13-15. The People allege that on or about April 17, 2015, Defendants Sablan (Charges 9-16), Torre (Charges 31-32), Blas (Charges 35-36), Selvidge (Charges 41-42), Ilao (Charges 43-44), and Duenas (Charges 46-47) either voted by email, or in Duenas' case agreed to the vote by email. These actions amounted to either a direct violation of, or were part of a conspiracy to violate, the OGL and/or official misconduct laws. Id.; Magistrate's Compl. 1-28.

The final event alleged in the complaint and underlying the remaining charges concerns GHURA Board of Commissioners Resolutions FY2013-005 and FY2013-006, which authorized certain expenditures up to five thousand dollars ($5,000.00) for the GHURA 50th Anniversary Gala from Payment in Lieu of Taxes ("PILOT") Funds, and up to three-hundred and sixty dollars ($360.00) from PILOT Funds for GHURA to participate in the Governor's 2012 MAGPRO Banquet respectively. Tydingco Decl. Supp. Magistrate's Compl. 16-19. The Complaint alleges Defendants Sablan (Charges 17-24), Suda (Charges 27-28), and Blas (Charges 37-38), voted by

CM0431-17 People of Guam v. David J. Sablan et al.
DECISION AND ORDER (re Defendant Blas's Motion to Sever)

Page 3 of 8

email to adopt the resolutions, either in direct violation of, or as part of a conspiracy to violate, the OGL and official misconduct laws. Id.; Magistrate's Compl. 1-28.

On April 5, 2018, the Court issued a Decision and Order severing Defendants Ilao and Torre, which became captioned as CM0431-17-01 and CM0431-17-02, respectively. Decision and Order (Apr. 5, 2018). The Court found that Defendant Ilao was only involved in one of the three alleged conspiracies, and he would be prejudiced by the danger that a jury would crossover evidence and culpability from one conspiracy to another. Id. 9. The Court further found that co-defendant statements were likely to be introduced against Defendant Torre, and the charges against her needed to be severed to avoid a violation of her right to confrontation under the Sixth Amendment. Id. 12.

On or about December 13, 2018, immediately prior to the scheduled jury trial for December 17, 2018, counsel for Defendant Blas sought withdrawal as counsel. Mot. to Sever 3 (Dec. 21, 2018). During the first nearly eighteen (18) months of litigation, Defendant Blas was represented by her former counsel. Id. On or about December 19, 2018, Defendant Blas appeared with Attorney Jacqueline Taitano Terlaje, acting in a limited capacity. Attorney Terlaje expressed her concerns with taking this case on the eve of trial with more than thirty thousand (30,000) pages of discovery. On December 21, 2018, Defendant Blas filed a Motion to Sever. Id. The People filed a Response on December 28, 2018. Resp. (Dec. 28, 2018).

## DISCUSSION

Defendant Blas moves for an Order severing her trial from the remaining co-defendants, arguing good cause exists to sever her trial due to the withdrawal of her counsel immediately before jury trial. Mot. to Sever 1. Additionally, Defendant Blas argues that her Constitutional right to confront witnesses may be violated during a joint trial with her co-defendants. Id. 4.

In response, the People argue the Court should not rule on Defendant Blas's Motion to Sever until such time as Defendant Blas has secured an attorney who will commit to her. Resp. 2. The People further argue that "[i]f the Court is nevertheless convinced that severance is appropriate, perhaps the optimal jurisprudential action would be to sever Defendants Suda,

CM0431-17 People of Guam v. David J. Sablan et al.
DECISION AND ORDER (re Defendant Blas's Motion to Sever)

Page 4 of 8

Selvidge and Blas from the first trial and put Defendant Sablan up as the first Defendant to go to trial." Id.

On January 24, 2019, Defendant Suda filed her Joinder in the Government's Request for Severance of Defendant Cecile B. Suda. Suda Joinder (Jan. 24, 2019).

## I. Law Governing Severance.

Under Guam law, "[i]f it appears that a defendant or the government is prejudiced by a joinder of offenses or . . . by such joinder for trial together, the court may order an election or separate trials of counts [or] grant a severance of defendants . . . ." 8 GCA § 65.35 (2017). The language of Rule 14 of the Federal Rules of Criminal Procedure similarly allows for severance in federal criminal matters where a Defendant or the government is prejudiced by joinder. See Fed. R. Crim. P. 14 ("If the joinder of offenses or . . . a consolidation for trial appears to prejudice a defendant or the government, the court may . . . sever the defendants' trials . . . ."). Thus, the Court will look to federal cases interpreting Rule 14 to determine if Defendant Blas has demonstrated sufficient prejudice to warrant severance here. See Sumitomo Constr. Co. v. Zhang Ye, Inc., 1997 Guam 8 ¶ 17 (reasoning "[g]enerally when a legislature adopts a statute which is identical or similar to one in effect in another jurisdiction, it is presumed that the adopting jurisdiction applies the construction placed on the statute by the originating jurisdiction").

The Supreme Court of the United States has held that courts "should grant severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants *or* prevent the jury from making a reliable judgment about guilt or innocence. . . ." Zafiro v. U.S., 506 U.S. 534, 539 (1993) (*emphasis added*). Applying Zafiro, the Federal Ninth Circuit Court of Appeals applies a four-factor test to determine whether severance is appropriate. Courts in the Ninth Circuit consider "(1) whether the jury may reasonably be expected to collate and appraise the individual evidence against each defendant; (2) the judge's diligence in instructing the jury on the limited purposes for which certain evidence may be used; (3) whether the nature of the evidence and legal concepts involved are within the competence of the ordinary juror; and (4) whether [the Defendant] could show, with some particularity, a risk that joint trial

would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." U.S. v. Fernandez, 388 F.3d 1199, 1241 (9th Cir. 2004). The first two factors are the most important in the Court's inquiry. Id.

**a. Defendant Blas would be prejudiced if she were forced to proceed to trial without her attorney having adequate time to prepare.**

As a preliminary matter, the Court notes that this matter has been delayed several times and scheduling conflicts continue to arise. "Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons." Morris v. Slappy, 461 U.S. 1, 11 (1983). For the sake of judicial economy, the Court wishes to expedite litigation and begin trials in a timely manner.

Defendant Blas first argues that a joint trial would infringe upon her Sixth Amendment right to representation of counsel. Mot. to Sever 1. Defendant Blas's previous counsel withdrew four days prior to trial, leaving Attorney Terlaje to inherit this complex case which involves four defendants and over 30,000 pages of discovery. Id.

Adequate time for defense preparation is included under the Sixth Amendment guarantee of the right to counsel. Powell v. Alabama, 287 U.S. 45, 59 (1982). Unreasonable time constraints imposed by a trial court can result in inadequate preparation. United States v. La Monte, 684 F.2d 672, 674 (10th Cir. 1982). Factors which bear upon the determination of whether counsel has been provided adequate preparation time include: (1) the time afforded for investigation and preparation; (2) the experience of counsel; (3) the gravity of the charge; (4) the complexity of possible defenses; and (5) the accessibility of witnesses to counsel. United States v. King, 664 F.2d 1171, 1173 (10th Cir. 1981).

In the present case, the Court finds that Attorney Terlaje will need a considerable amount of time to review the voluminous discovery in this matter. This trial has been delayed several times and the Court desires to set a trial date for a time in the near future. It is unreasonable to expect

CM0431-17 People of Guam v. David J. Sablan *et al.*
DECISION AND ORDER (re Defendant Blas's Motion to Sever)

Attorney Terlaje to be prepared for trial by the time the Court plans to proceed with the trial of Defendants Sablan, Selvidge, and Suda.

The People argue that the Court should wait to decide the issue of severance until such time as Defendant Blas has secured an attorney who will commit to her. Resp. 2. The Court notes that Attorney Terlaje has appeared in court on behalf of Defendant Blas on multiple occasions and has filed this motion on behalf of Defendant Blas. Additionally, Attorney Terlaje has advised the Court that her initial hesitance towards committing to taking this case has been due to her worry that she will be rushed into trial without adequate preparation time. The Court is satisfied that Attorney Terlaje has made a commitment to Defendant Blas and will be prepared for trial at a later date. In the event that Attorney Terlaje does not make a commitment to represent Defendant Blas, the Court nevertheless wishes to sever Defendant Blas in order to timely go forward with the trial against her multiple co-defendants.

**b. The Court declines to address Defendant Blas's Confrontation Clause argument.**

Because the Court has decided that Defendant Blas is to be severed from the remaining defendants due to her attorney's need for preparation time, her argument based upon her right to confront witnesses is moot.

**c. The People's request for Defendant Sablan's case to be severed and precede the other trials is improper.**

The People state that if the Court severs Defendant Blas, then "perhaps the optimal jurisprudential action would be to sever Defendants Suda, Selvidge and Blas from the first trial and put Defendant Sablan as the first Defendant to go to trial." Resp. 2. The People state that this approach has been supported by Defendants Blas, Suda, Selvidge, and Sablan. Id. 3. While this approach has been introduced by the People's Response and orally agreed to by several defendants, no party has made a motion to sever Defendant Sablan. The Court cannot grant a motion that has not been presented.

**d. Defendant Suda's request for severance is improper.**

On January 24, 2019, Defendant Suda filed her Joinder in Government's Request for Severence of Defendant Cecile B. Suda. Suda Joinder. Defendant Suda joins the People's request to sever Defendant Suda, purportedly requested by the People in their Response to Defendant Blas's Motion to Sever. Id. The Court assumes that Defendant Suda is joining the People's request to sever Defendants Suda, Blas, and Selvidge from the case against Defendant Sablan, and have Defendant Sablan's trial proceed first. Defendant Suda's joinder does not state any additional explanation or argument regarding her desire to sever her charges. This Court has already decided that this request by the People was improper, and therefore Defendant Suda's request to join this request is moot.

## CONCLUSION & ORDER

By a preponderance of the evidence and based on the foregoing reasons, Defendant Rosie Blas's Motion to Sever is hereby **GRANTED**.

**Further Proceedings** are set for February 11, 2019, at 11 a.m.

SO ORDERED ___2/5/19___.

The Honorable Anita A. Sukola
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
H. Trapp, Teker, AG;
Vandeveld, Jacqueline Terlaje;
Date: 2/5/19 Time: 4:50
(a)
Clerk, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
DPL; J. Terlaje;
Josh Walsh; J. Arriola
Date: 2/5/19 Time: 4:50
(a)
Clerk, Superior Court of Guam

Received for Service

_____M

_____20____

Marshal, Superior Court
Guam

CM0431-17 People of Guam v. David J. Sablan et al.
DECISION AND ORDER (re Defendant Blas's Motion to Sever)